IN THE UNITED STATES DISTRCT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. _____

**JOSEPH PADILLA, on behalf of**
**himself and all other similarly situated**

    **PLAINTIFF**

**v.**

**WANZEK CONSTRUCTION, INC.**

    **DEFENDANT**

## CLASS ACTION COMPLAINT

**COMES NOW,** Plaintiff, Joseph Padilla, and files this Class Action Complaint against Defendant Wanzek Construction, Inc. on his own behalf and on behalf of over six hundred other employees, challenging Defendant's violation of the federal Worker Adjustment and Retraining Notification Act, 29 U.S.C. § 2101 et seq. (the "WARN Act").

## PARTIES

1. Plaintiff Joseph Padilla is an adult resident of Colorado. Plaintiff worked for Wanzek Construction, Inc. prior to his termination on or about January 3, 2023.

2. Plaintiff brings this lawsuit as a Rule 23 class action on behalf of all affected employees who were employed by Wanzek Construction, Inc. and were terminated in connection with the company's loss of its contract with Palmer North America LLC.

3. Defendant Wanzek Construction, Inc. ("Wanzek") is a corporation incorporated under the laws of the State of North Dakota and headquartered there as well.

## JURISDICTION AND VENUE

4. This Court has jurisdiction over this adversary proceeding pursuant to 28 U.S.C. §§ 1331, 1332 and 1367.

5. This Court has personal jurisdiction over this matter because Wanzek conducts substantial business operations in this District.

## FACTUAL ALLEGATIONS

6. Defendant was retained by Palmer North America LLC to expand a steel mill in Pueblo, Colorado.

7. Plaintiff and all other similarly situated employees were terminated, effective immediately, on or about January 3, 2023 after Wanzek lost its contract with Palmer North America LLC.

8. Plaintiff, like approximately 660 other Wanzek employees, received this communication on January 3, 2023, stating that he was being laid off, effective immediately.

9. Wanzek did not give 60 days advance written notice to the terminated employees, as required by the federal WARN Act.

10. At all relevant times, Wanzek employed 100 or more employees, exclusive of part-time employees, (i.e., those employees who had worked few than 6 of the 12 months prior to the date notice was required to be given or who had worked fewer than an average of 20 hours per week during the 90 day period prior to the date notice was required to be given), or employed 100 or more employees who in the aggregate worked at least 4,000 hours per week exclusive of hours of overtime within the United States.

11. These terminations resulted in the loss of employment for approximately 660 employees.

## CLASS ACTION ALLEGATIONS

12. Plaintiff brings this action as a class action pursuant to Rule 23 of the Federal Rules of Civil Procedure on behalf of the following Class:

**Nationwide Class**

All persons who were employed by and laid off by Wanzek in connection with the loss of its contract with Palmer North America LLC.

13. <u>Numerosity – Fed R. Civ. P. 23(a)(1).</u> The Class contains approximately 660 individuals, the joinder of which in one action would be impracticable. The exact number or identification of the Class Members is presently unknown. The identity and number of the Class Members is ascertainable and can be determined from the Defendant's records.

14. <u>Predominance of Common Questions -</u> <u>Fed R. Civ. P. 23(b)(3).</u> The questions of law and fact common to the Class predominate over questions affecting only individual Class Members, and include, but are not limited to:

   a. Whether the Class Members were employees of the Defendant;

   b. Whether Defendant gave the requisite 60 days' advanced written notice;

   c. Whether Defendant can avail itself of any affirmative defenses;

   d. Whether the proposed class has enough members for this class action to proceed;

   e. Whether Defendant paid the Class Members 60 days' wages and benefits as required by the WARN Act.

15. Defendant engaged in a common course of conduct giving rise to the legal rights sought to be enforced by Plaintiff individually and on behalf of the other members of the Class. Individual questions, if any, are not prevalent in comparison to the common questions that dominate this action.

16. <u>Typicality – Fed R. Civ. P. 23(a)(3).</u> Plaintiff's claims are typical of those of the members of the Class in that they are based on the same underlying facts, events, and circumstances relating to Defendant's conduct.

17. <u>Adequacy – Fed R. Civ. P. 23(a)(4); 23(g)(1).</u> Plaintiff will fairly and adequately represent and protect the interests of the Class, has no interest incompatible with the interests of the Class, and have retained counsel competent and experienced in such class action litigation.

18. <u>Superiority – Fed. R. Civ. P. 23(b)(3).</u> This case is best suited as a class action because individual litigation of each Class Members' claims would be impracticable and unduly burdensome on the courts. Because of the size of each individual Class Members' claim, no Class Member could afford to seek legal redress for the wrongs identified in the Complaint. A class action in this case presents fewer management problems and provides the benefits of single adjudication, economies of scale, and comprehensive supervision by a single court.

## COUNT I – VIOLATION OF FEDERAL WARN ACT

19. Plaintiff, by this reference, adopts and re-asserts all allegations, averments, and statements of fact contained in the preceding paragraphs of this Complaint.

20. Plaintiff and other affected employees who have worked for Wanzek are entitled to the rights, protections, and benefits provided under the federal WARN Act, 29 U.S.C. § 2101 et. seq.

21. Defendant is subject to the notice and back pay requirements of the federal WARN Act because Wanzek is a business enterprise that employed 100 or more employees, excluding part-time employees, and/or, employed 100 or more employees who in the aggregate work at least 4,000 hours per week (exclusive of overtime), as defined in the WARN Act. 29 U.S.C. §§ 2101(1)(A) and(B).

22. Defendant engaged in conducting mass layoffs but has not provided affected employees with the required notice under the federal WARN Act.

## JURY DEMAND

23. Plaintiff requests a trial by jury on these claims.

**WHEREFORE PREMISES CONSIDERED,** Plaintiff requests the Court enter the following relief:

a. Declare and find that the Defendant has violated the federal WARN Act, 29 U.S.C. § 2101 *et seq.*;

b. Certify this case as a class action;

c. Award compensatory damages and penalties, in an amount according to proof;

d. Award pre- and post-judgment interest;

e. Award reasonable attorneys' fees, costs, and expenses; and

f. Award any and all additional relief the Court may deem appropriate.

    Respectfully Submitted,
    **JOSEPH PADILLA**

By:    /s/ William "Jack" Simpson
    William "Jack" Simpson, MBN 106524
    **LANGSTON & LOTT, PLLC**
    100 South Main Street
    Post Office Box 382
    Booneville, MS  38829-0382
    Telephone: (662) 728-9733
    Facsimile: (662) 728-1992
    Email: jsimpson@langstonlott.com
    Attorney for Plaintiff